UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LA TERESITA, INC.,

    Plaintiff,

v.                                                         Case No: 8:22-cv-1046-CEH-SPF

MT. HAWLEY INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

This matter comes before the Court on the Defendant's Motion to Transfer Venue (Doc. 7), filed on May 11, 2022.  In the motion, Defendant requests, pursuant to 28 U.S.C. § 1404(a), that this action be transferred to the Southern District of New York pursuant to the forum selection clause contained within the subject policy of insurance upon which Plaintiff sues.  Plaintiff has failed to timely respond to the motion, and thus the motion is deemed unopposed. *See* M.D. Fla. Local Rule 3.01(c). The Court, having considered the motion and being fully advised in the premises, will grant Defendant's Motion to Transfer Venue and transfer this case to the Southern District of New York.

### DISCUSSION

Plaintiff, La Teresita, Inc., initiated this breach of contract action against Defendant, Mt. Hawley Insurance Company, in state court in March 2022. Doc. 1-2. Plaintiff sues Defendant in a single-count complaint seeking damages for breach of the

policy of insurance issued by Defendant to Plaintiff. Plaintiff seeks coverage under the subject policy for property damage resulting from Tropical Storm Eta on July 6, 2021. *Id.* As a result of Tropical Storm Eta's intense wind and rain, Plaintiff's property sustained physical damage, including the roof, interior and exterior. *Id.* ¶ 10. Plaintiff alleges that its property was insured under a policy of insurance issued by Defendant that provided coverage for the loss. *Id.* ¶¶ 11, 20. Plaintiff alleges it made a claim on its policy and Defendant failed to pay the benefits due under the policy. *Id.* ¶¶ 15, 16, 23. On May 4, 2022, Defendant removed the action to this Court on the basis of diversity jurisdiction. Doc. 1.

On May 11, 2022, Defendant filed the instant motion to transfer venue in which it argues that the subject policy of insurance contains a forum selection clause which dictates that any matters arising under the policy "shall be determined in accordance with the law and practice of the State of New York. . . . And any litigation commenced by any Named Insured . . . against the Company shall be initiated in New York." Doc. 7 at 2; *see also* Doc. 7-1 at 98.

The statute governing transfer of venue, 28 U.S.C. § 1404(a), provides, in relevant part, that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." This analysis typically requires a two-pronged inquiry wherein courts consider both the convenience of the parties and the public interest. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62–63 (2013). "The calculus changes, however, when the parties' contract contains a valid forum-

2

selection clause, which 'represents the parties' agreement as to the most proper forum,'" as we have here. *Id.* at 63 (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). A valid forum-selection clause "[should be] given controlling weight in all but the most exceptional cases." *Atl. Marine Constr.*, 571 U.S. at 63 (citations and internal quotation marks omitted). Thus, "when a plaintiff agrees by contract to bring suit only in a specified forum—presumably in exchange for other binding promises by the defendant—the plaintiff has effectively exercised its venue privilege before a dispute arises." *Id.* "Only that initial choice deserves deference, and the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Id.* at 63–64. Plaintiff has failed to carry its burden here. Plaintiff has not responded to Defendant's motion, nor otherwise demonstrated why transfer to New York is improper.

> Review of the policy's forum-selection clause reveals it is mandatory.
>
>> All matters arising hereunder including questions related to the validity, interpretation and enforcement of this Policy shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's choice of law rules).
>>
>> It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, any Named Insured, any additional insured, and any beneficiary hereunder shall submit to the jurisdiction of a court of competent jurisdiction in the State of New York, and shall comply with all the requirements necessary to give such court jurisdiction. Any litigation commenced by any Named Insured, any additional insured, or any beneficiary hereunder against the Company *shall be initiated in New York*.
>> …

Doc. 7-1 at 98 (emphasis added). Use of the term "shall" in the forum selection clause should be interpreted to mandate venue. *See, e.g., Maine Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1320 (2020) ("Unlike the word 'may,' which implies discretion, the word 'shall' usually connotes a requirement.").

Upon review of the mandatory forum selection clause in the policy and consideration of the arguments and authority set forth in Defendant's motion, which Plaintiff has not opposed, the Court finds transfer to the State of New York is warranted. Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion to Transfer Venue (Doc. 7) is **GRANTED**.

2. The Clerk is directed to immediately **TRANSFER** this case to the United States District Court for the Southern District of New York.

3. The Clerk is further directed to close this file.

**DONE AND ORDERED** in Tampa, Florida on June 2, 2022.

*[Signature]*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any